IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ORION REFINING CORPORATION, | Civil Action No. 06-536 (KAJ) |
| MICHAEL G. SYRACUSE,<br><br>        Appellant,<br><br>v.<br><br>ORION REFINING CORPORATION,<br><br>        Appellee. | Bankr. Case No. 03-11483 (MFW)<br>Adv. Proc. No. 03-53939 (MFW)<br>AP 06-51 |

**NOTICE OF ENTRY OF JUDGMENT**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7054(a)**

        Defendant Cypress Associates, LLC, as the trustee of the ORC Distribution Trust, successor to the debtor and defendant herein, Orion Refining Corporation, under the Amended Plan of Liquidation of Orion Refining Corporation, dated May 12, 2004, by and through its undersigned counsel, hereby provides notice that, by Order dated September 20, 2006 (Adv. D.I. 125), the United States Bankruptcy Court for the District of Delaware, pursuant to Federal Rule of Bankruptcy Procedure 7054(a), expressly directed the entry of judgment dismissing Count I of the complaint in Adversary Proceeding No. 03-53939. A copy of the Order is attached hereto as Exhibit A.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              /s/ Richard D. Allen

                              Richard D. Allen (#469)
                              Gregory W. Werkheiser (#3553)
                              Thomas W. Briggs, Jr. (#4076)
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE 19899-1347
                              (302) 658-9200
                                  Attorneys for the ORC Distribution Trust
                                  Representative

October 3, 2006

539759

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ORION REFINING CORPORATION, | ) | Case No. 03-11483 (MFW) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MICHAEL G. SYRACUSE d/b/a | ) | |
| INTERSTATE SUPPLY COMPANY, and | ) | Adv. Proc. No. 03-53939 (MFW) |
| TEXAS ICO, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ORION REFINING CORPORATION, | ) | Related Docket Nos. 114, 116, |
| | ) | 120 |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of the Motion of Cypress Associates, LLC (the "ORC Representative"), as the trustee of the ORC Distribution Trust, successor to the debtor and defendant herein, Orion Refining Corporation (the "Debtor" or "Orion"), pursuant to Rule 7054(a) for Express Direction for the Entry of Judgment and Express Determination that there is no Just Reason for Delay, dated August 17, 2006 (the "Rule 7054(a) Motion"),[1] and the Motion of the ORC Representative for Release of Funds Held in Court's Registry Account (the "Release of Funds Motion") (collectively the "Motions") and due and proper notice of the Motions having been given; and the Court having jurisdiction over

---

[1] Capitalized terms used, but not defined, herein shall have the meanings set forth in the Opinion Brief of the ORC Representative in support of the Motion.

the subject matter of the Motions and over the parties thereto; and the Court having reviewed the Motions and the Plaintiff's opposition;

NOW THEREFORE, the Court has determined that the Rule 7054(a) Motion should be granted to the extent set forth below and the Release of Funds Motion should be denied for the following reasons:

(1) The Court hereby finds that by an Opinion and Order (the "Opinion and Order") (Adv. D.I. 77, 78), both dated April 17, 2006, granting partial summary judgment in favor of Orion and against Syracuse on Count I of the Complaint (Adv. D.I. 1), the Court has completely determined Syracuse's claims for a declaratory judgment recognizing his rights, title and interest in certain scrap materials (the "Surplus Materials") located at Orion's refinery and declaring that such materials were not property of the Debtor's bankruptcy estate under section 541(a) of title 11 of the United States Code (the "Bankruptcy Code"). By its Opinion and Order the Court determined that the Surplus Materials constituted property of the Debtor's bankruptcy estate under section 541(a) of the Bankruptcy Code. Although additional claims and counterclaims remain to be litigated in the action, for purposes of Rule 7054 of the Federal Rules of Bankruptcy Procedure, the Opinion and Order constitutes a final order and judgment as to Count I of the Complaint, subject to appeal.

2

(2) There is no just reason for delay, in that, among other things: (a) a determination of Syracuse's right to relief under Count I of the Complaint has been made as a matter of law and did not require the resolution of the factual issues raised in Syracuse's Complaint; (b) Count I of the Complaint is the only claim that could result in more than an unsecured, nonpriority claim for Syracuse against Orion's bankruptcy estate; (c) the Opinion and Order has resolved the competing claims of the parties to certain funds held in the Court's registry account in connection with this action, and appellate review may resolve any uncertainty remaining concerning the status of such funds; (d) the need for appellate review will not likely be mooted by future developments; (e) the reviewing court will likely not be obliged to consider the issue for review under the Opinion and Order a second time because the Opinion and Order addresses certain discrete issues of fact and law not implicated by the remaining claims and counterclaims in the action; (f) no claim or counterclaim remaining could result in set-off against the judgment; (g) appellate review will not delay the case and will likely enhance the possibility of a prompt resolution of the case by, among other thing, finally resolving the matter in which the parties have the greatest financial stake and narrowing the remaining issues in dispute between the parties; and (h) appellate review of the Opinion and Order may facilitate the

settlement of all remaining claims and counterclaims in the action.

(3) By Order dated June 26, 2003 (the "Sale Order") the Court approved a sale of substantially all the assets of the estate, including the Surplus Materials to which Syracuse asserted title. The Sale Order provided that $1.5 million of the sale proceeds would be held in escrow pending final adjudication of Syracuse's asserted ownership interests in the Surplus Materials. The Court, in ruling on Syracuse's Motion for Reconsideration of the Opinion and Order, determined that the Sale Order required a final, nonappealable order on the issue of Syracuse's claim of title to the Surplus Material.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Rule 7054(a) Motion is **GRANTED**; and further
2. The Release of Funds Motion is **DENIED**; and further
3. The Court hereby expressly directs the entry of judgment dismissing Count I of the Complaint.

BY THE COURT:

Dated: September 20, 2006

Mary F. Walrath
United States Bankruptcy Judge

4

CERTIFICATE OF SERVICE

I, Thomas W. Briggs, Jr., Esquire, hereby certify that copies of the foregoing **NOTICE OF ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7054(a)** were caused to be served on October 3, 2006 upon the following counsel in the manner indicated:

**BY FACSIMILE**

Michael R. Lastowski, Esquire
Duane Morris LLP
1100 Market Street, Suite 1200
Wilmington, DE 19801-1246

**BY FIRST CLASS MAIL**

Andrew C. Wilson, Esquire
Thomas R. Blum, Esquire
Susan M. Caruso, Esquire
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, LA 70163-3000

Edward S. Rapier, Jr., Esquire
2160 8th Street, Suite A
Mandeville, Louisiana 70471

_____
Thomas W. Briggs, Jr. (#4076)

Date: October 3, 2006

369902