IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ORION REFINING CORP., | : | Bank. No. 03-11483 (MFW) |
|  | : | Adv. Proc. No. 03-53939 (MFW) |
| Debtor. | : | |
| MICHAEL G. SYRACUSE, d/b/a Interstate Supply Company and Texas ICO, Inc., | : | |
| Appellant, | : | Civ. No. 06-536-SLR |
| v. | : | |
| ORION REFINING CORP., *et al.*, | : | |
| Appellees. | : | |

**MOTION OF APPELLEES FOR RE-ARGUMENT**

Pursuant to LOC. R. 7.1.5., the ORC Distribution Trust of Orion Refining Corporation by and through Cypress Associates, LLC, the duly appointed ORC Distribution Trust Representative (the "Representative") hereby respectfully moves this Court to schedule re-argument of the appeal in this matter on the *limited* issue of the entitlement of Michael G. Syracuse, d/b/a Interstate Supply Company and Texas ICO, Inc. ("Syracuse") to the full value of the $1,500,000.00 placed in a stipulated, reserve account by the parties in the underlying Chapter 11 Proceedings.[1]  Re-argument is necessary and appropriate because, on the face of this Court's Memorandum Order, dated April 9, 2008 ("Order"), this Court concluded that Syracuse was "**entitled to the $1.5 million in escrow**" even though the issue of the actual value of the

---

[1] Nothing contained herein shall waive or prejudice the Representative's rights or ability to challenge any other portion of the Order during the underlying remand, the continuing litigation or an appeal from the Order or a final judgment.

underlying surplus materials was not before this Court on appeal. Rather, the Bankruptcy Court and the parties indisputably reserved that ultimate issue for trial.

In further support of this motion, the Representative states as follows:

1. On August 31, 2006, Syracuse filed a Notice of Appeal of the Bankruptcy Court's Memorandum Opinion, dated April 17, 2006, and Memorandum Opinion, dated August 8, 2006 ("PSJ Orders"). See Docket Entry No. 1. Consistent with the underlying motion practice and resulting PSJ Orders, the issues on appeal in the Notice were limited to whether "title" to the surplus materials had passed to Syracuse upon execution of the $100,000 contract payment set forth in that contract. See id. The "value" of those materials was not the subject of the PSJ Orders or considered by the parties in the underlying briefing. See id.

2. Specifically, Syracuse designated the following issues on appeal:

a. Whether the Bankruptcy Court erred in determining that title to the Surplus Material did not pass to Appellants upon execution of the contract;

b. Whether the Bankruptcy Court erred in determining that there was a suspensive condition contained within the contract which prevented title to the Surplus Materials from passing to the Appellants;

c. Whether the Bankruptcy Court erred in determining that the Debtor's fault did not barred [sic] any suspensive condition; and

d. Whether the Bankruptcy Court erred in determining that the filing of the Bankruptcy Petition created a new entity such that the Debtor in Possession had greater rights than the Debtor.

See Docket Entry No. 2. Syracuse assuredly did not designate for appeal the factual issue of the value of the surplus materials. More importantly, the PSJ Orders did not touch upon the issue of value as it plainly was not presented to the Bankruptcy Court during the underlying motion practice.

3. Accordingly, the parties did not brief the value issue during the appeal. See Docket Entry Nos. 11, 13, and 15. No evidence of the actual value of the surplus materials was

before this Court or the Bankruptcy Court when dealing with the motions for partial summary judgment and the subsequent appeal. Indeed, although Syracuse had attached an appraisal to the Complaint, pending before the Bankruptcy Court is a motion in limine filed by Orion Refining Corporation ("Orion") seeking to prevent Syracuse from proffering *any* expert testimony (let alone the alleged appraisal) on the very value issue this Court arguably decided. See Docket Entry No. 43 (in Adv. Proc. No. 03-53939).

4. Syracuse cannot take a contrary position. As Syracuse admitted in his opening partial summary judgment brief:

> **The remaining two issues of the existence of the surplus equipment at the refinery at the time of the sale of the refinery to Valero as well as the value of the surplus equipment, or, any of Debtor's defenses, can all be addressed latter in sequential motions or at trial. Title should be resolved now.**

See Docket Entry No. 49 (in Adv. Proc. No. 03-53939), p. 18 (emphasis supplied).

5. In issuing the Order, however, this Court concluded that "title passed to Syracuse at the time of the Agreement **and, therefore, that he is entitled to the $1.5 million in escrow.**" See Order, p. 6 (emphasis supplied). The inferential conclusion (highlighted in bold-faced font) cannot be based on anything that was properly before this Court on appeal.

6. A motion for re-argument may be granted when a court has misapprehended an issue or made a decision outside the scope of the issues presented to the court. See Corning, Inc. v. SRU Biosystems, LLC, 2004 WL 2348089, at * 1 (D. Del., Oct. 13, 2004); Canouse v. Keiper Recaro Seating, Inc., 2003 WL 22939439, at *1 (D. Del., July 24, 2003). Both reasons are applicable here. Neither the parties nor the Bankruptcy Court addressed the value issue during the underlying litigation. Rather, the value issue (and Syracuse's ultimate entitlement to recover damages) is in dispute and was reserved for trial, subject to Orion's motion in limine, affirmative defenses, and counterclaim. As this Court apparently decided the issue in the Order, this Court

should grant the Representative's motion and afford the Representative an opportunity to be heard.

7.  Without waiving any of the Representative's rights to further appeal any issue raised in the Order, the Representative submits that the phrase, "and, therefore, that he is entitled to the $1.5 million in escrow[,]" as set forth on page 6 of the Order, be stricken, and that the issue of Syracuse's entitlement, if any, to the proceeds being held in reserve by the Representative be remanded to the Bankruptcy Court for further proceedings.

WHEREFORE, the Representative respectfully requests that this Court enter an order:

(a).  scheduling re-argument and providing the Representative an opportunity to be heard as to the appropriate scope of the appellate issues, the need to revise the Order, and any other related issues; and

(b).  granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
April 18, 2008

Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ Dennis A. Meloro
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
melorod@gtlaw.com

and

Joseph P. Davis, Esq.
David G. Thomas, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6000

*Attorneys for Cypress Associates, LLC as ORC Distribution Trust Representative*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

The undersigned attorney hereby certifies, pursuant to D. Del. LR 7.1.1 that counsel for the Appellees has made reasonable efforts to reach agreement with opposing counsel on the matters set forth in the above *Motion of Appellees for Re-Argument* filed on April 18, 2008 to no avail.


Dated: April 18, 2008          /s/ Dennis A. Meloro
                               Dennis A. Meloro

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing *Motion for Re-Argument* was served April 18, 2008 upon the following as indicated:

VIA HAND DELIVERY AND ELECTRONIC MAIL:
Michael R. Lastowski
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Email: mlastowski@duanemorris.com
(Counsel to Michael G. Syracuse, d/b/a Interstate Supply Company and Texas ICO, Inc.)


                        /s/ Dennis A. Meloro
                        Dennis A. Meloro (No. 4435)