**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| ORION REFINING CORPORATION ) | Case No. 03-11483 (MFW) |
| ) | Adversary Proceeding No. 03-53939 |
| DEBTOR. ) | |
| ) | |
| ) | |
| MICHAEL G. SYRACUSE d/b/a ) | Civ. No. 06-536-SLR |
| INTERSTATE SUPPLY COMPANY, ) | |
| and TEXAS ICO, INC. ) | |
| ) | Re: Docket Item 18 |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| ORION REFINING CORPORATION ) | |
| ) | |
| Appellee. ) | |

**ANSWER OF APPELLANT TO**
**APPELLEES' MOTION FOR RE-ARGUMENT**

Appellant, Michael G. Syracuse d/b/a Interstate Supply Company and Texas ICO, Inc. ("Syracuse") hereby respectfully answers the Motion for Re-Argument filed by the ORC Distribution Trust of Orion Refining Corporation by and between through Cypress Associates, L.L.C., the duly appointed ORC Distribution Trust Representative ("the Representative") as follows:

1.      On April 9, 2008, this Honorable Court issued its Memorandum Order ("Opinion"), holding that Syracuse is "entitled to the $1.5 Million in escrow." The Court also concluded that "the matter will be remanded to the Bankruptcy Court to ensure that the facts taken from the Appellate record, (to which [the Court] could not discern a dispute) are truly not in dispute for purposes of the motion practice." (Opinion at 6-7).

2.      In connection with the Opinion, in the Court's initial factual findings, the Court also noted that, "the estimated value of the remaining materials is $1.5 Million." (Opinion at 3). Consequently, a determination was not made as to the exact value of Syracuse's claim which could be, in fact, much greater.

3.      The only evidence presented or available to date concerning the value of the Surplus Materials was the survey/appraisal performed by Rosen Systems, Inc. for Syracuse in 2002, which was attached to the pleadings in connection with this matter. Syracuse himself can also confirm the value of the Surplus materials, as well as at least $480,000.00 worth of scrap metal among the Surplus Materials located at the Orion Refinery at the time Orion locked Syracuse out of the refinery. Although this was the value of the scrap at the time of the lock-out, at present, that value is much greater and the date of valuation remains an open question as it is uncertain when Syracuse would have sold the scrap. Consequently, it is Appellant's position that, *at a minimum*, the value of the surplus materials is close to or exceeds $2,000,000.00.

4.      Significantly, under Louisiana law, Orion also owes pre-judgment interest from 2002, the date of judicial demand. Interest on the $1,500,000.00 minimum value alone exceeds $580,000.00 to date. Consequently, the value of Syracuse's claim exceeds $2,500,000.00.

5.      Orion never performed a contemporaneous survey of the surplus materials which have, upon information and belief, all been removed from the refinery once the refinery was sold to Valero. Consequently, from a factual standpoint, Orion appears unable to contest the value and certainly the *minimum value* of the Surplus Materials.

6.      In addition, Orion sold the entire refinery to Valero through the Sale Order of June 26, 2003. Nowhere in that Sale Order did Orion and/or the Debtor's representative(s) reserve any right of "offset" as to the value of any "clean-up" or remediation services from what

was sold to Valero. In fact, there has been no evidence that such services had *any* measurable or quantifiable value. Consequently, it is unclear how the Representative could contest the *minimum* value of Syracuse's claim at this point in time, over six years after Orion locked Syracuse out of the refinery.

7. Despite this factual backdrop, the Representative now seeks to have the phrase in the Court's Opinion, "and, therefore, that he is entitled to the $1.5 Million Dollars in escrow," stricken. Syracuse submits that if the Representative insists on contesting even the minimum value of the Surplus Materials, that the subject phrase should simply be revised so that the phrase will read "title to the Surplus Materials passed to Syracuse and thus Syracuse is entitled to the escrow to the extent of the value of Syracuse's claim which will be determined upon remand." This is or was the second element of Syracuse's burden of proof according to the Sale Order, which Syracuse has now satisfied.

8. Unfortunately, the Representative also seeks relief that will improperly reopen the issue of title, which was just decided by this Court. Indeed, the Representative prays that "the issue of Syracuse's *entitlement*, if any, to the proceeds being held in reserve by the Representative, be remanded to the Bankruptcy Court for further proceedings." (Emphasis added)

9. The issue of title was the core issue of the Cross-Motions for Summary Judgment and has been already and properly decided in favor of Syracuse by this Honorable Court. There is no reason for this issue to be reopened or reargued, particularly under the Local Rules as, after all, under Rule 7.1.5 such motions to re-argue are "sparingly granted".

WHEREFORE, Syracuse respectfully requests that this Court enter an Order:

(a) Revising the Opinion on page 6 of the Order to state that, "title to the Surplus Materials passed to Syracuse and thus Syracuse is entitled to the escrow to the extent of the value of Syracuse's claim which will be determined upon remand";

(b) Providing that the issue of Syracuse's entitlement, if any, to the escrow held in reserve by the Representative *should not* be remanded to the Bankruptcy Court for further proceedings;

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

(c) Denying the Representative's request for re-argument, which is obviated by the small change in phraseology per (a) above; and

(d) Granting all other related or equitable relief as is just and proper.

Dated: April 25, 2008
Wilmington, Delaware

                Respectfully submitted,

/s/ Michael R. Lastowski
Michael R. Lastowski (DE I.D. 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com

Andrew C. Wilson (#01162)
Thomas R. Blum (#03170)
Susan M. Caruso (#27195)
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
E-mail: andreww@spsr-law.com

Edward S. Rapier, Jr. (#17896)
2160 8th Street, Suite A
Mandeville, LA 70471
Telephone: (985)626-1011
Facsimile: (905)674-9082
E-mail: erapier@charter.net

COUNSELORS FOR:
MICHAEL G. SYRACUSE D/B/A
INTERSTATE SUPPLY COMPANY, AND
TEXAS ICO, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer to Motion for Re-Argument was served on April 25, 2008 upon the following as indicated, by Hand Delivery and Electronic filing by CM/ECF system, which will send a notice of electronic filing to all counsel of record:

>Dennis A. Meloro (DE I.D. 4435)
>Greenberg Traurig, LLP
>The Nemours Building
>1007 Orange Street, Suite 1200
>Wilmington, DE 19801302-661-7000
>E-mail: melorod@gtlaw.com
>(Counsel to Cypress Associates, LLC,
>as ORC Distribution Trust Representative)

/s/ Michael R. Lastowski